IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0033-WS-C |
| | ) |
| TAMMY T. CENTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendants' Motion to Dismiss Plaintiff's Complaint and/or Motion to Transfer Venue (doc. 14). The Motion has been briefed and is now ripe for disposition.[1]

**I.    Relevant Facts.**

Plaintiff, SE Property Holdings, LLC ("SEPH"), filed suit in this District Court against six defendants, alleging state-law claims of actual and constructive fraudulent transfer, in violation of Alabama Code §§ 8-9A-4(a) and 8-9A-5(a), and civil conspiracy. Named defendants include Tammy T. Center, both in her individual capacity and as personal representative of the Estate of Charles H. Trammell (the "Estate"); Belinda R. Trammell; Amy T. Brown; Trammell Family Orange Beach Properties, LLC; and Trammell Family Lake Martin Properties, LLC.

The gist of the Complaint is as follows: (i) Charles and Belinda Trammell executed guaranties and (in Charles' case) a promissory note for hundreds of thousands of dollars in loans made by SEPH's predecessor for certain real estate development projects in this judicial district;

---

[1] In support of their motion, defendants submitted a 22-page Reply (doc. 19) without leave of court. This is improper. The Local Rules provide that "[a] reply brief by movant shall not exceed fifteen (15) pages in length." Local Rule 7.1(b). Although the Court, in its discretion and to avoid delaying resolution of this Motion, elects not to strike defendants' nonconforming Reply, counsel must give due regard to published briefing limits henceforth.

(ii) the Estate and Belinda Trammell are indebted to SEPH pursuant to those guaranties and the note; (iii) two days after SEPH filed a lawsuit against Charles Trammell and other guarantors concerning the subject loan default and their resulting indebtedness, Charles and Belinda Trammell purported to convey a Perdido Place condominium unit – whose value Charles Trammell had previously declared to be $1.4 million (with no mortgage balance) – to defendant Trammell Family Orange Beach Properties, LLC (which Charles and Belinda Trammell owned and/or controlled), for an alleged $100 in consideration; (iv) on the same date, Charles and Belinda Trammell purported to convey a house on Lake Martin to defendant Trammell Family Lake Martin Properties, LLC (which Charles and Belinda Trammell owned and/or controlled), for less than reasonably equivalent value; and (v) Charles and Belinda Trammell also transferred their interests in certain UPS stock and in the subject LLCs to other relatives for less than reasonably equivalent value.[2]

Upon being served with process, defendants responded by filing their Motion to Dismiss and/or Transfer Venue, through which they argue that (i) venue is improper in this judicial district, requiring dismissal pursuant to Rule 12(b)(3), Fed.R.Civ.P.; and (ii) alternatively, venue is inconvenient in this judicial forum, such that this action should be transferred to the U.S. District Court for the Middle District of Alabama pursuant to the discretionary provisions of 28 U.S.C. § 1404(a). For its part, SEPH vigorously opposes both aspects of this Motion.

## II.   Defendants' Motion to Dismiss Based on Improper Venue.

As their initial challenge to the Complaint, defendants assert that venue is improper in this District Court and that the case should be dismissed pursuant to Rule 12(b)(3). The applicable statute (the so-called "transactional venue" provision) states that "[a] civil action may be brought in … a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). The law is clear that "under § 1391 a plaintiff does not have to select the venue with the *most* substantial nexus to the dispute, as long as she chooses a venue

---

[2]   With regard to the defendant LLCs, the Complaint alleges that Charles and Belinda Trammell originally established them as sole owners / members, but subsequently transferred 45% ownership/membership interest to defendant Tammy Center and another 45% ownership/membership interest to defendant Amy Brown, keeping just 10% for themselves, all without receiving reasonably equivalent value.

where a substantial part of the events giving rise to the claim occurred." *Morgan v. North MS Medical Center, Inc.*, 403 F. Supp.2d 1115, 1122 (S.D. Ala. 2005) (citations omitted). Nor is the term "substantial part," as used in § 1391(b)(2), properly construed as a synonym for "majority." *See, e.g., Anthony Sterling, M.D. v. Provident Life and Acc. Ins. Co.*, 519 F. Supp.2d 1195, 1206 (M.D. Fla. 2007) ("*Jenkins* does not limit the term substantial part to mean the majority of the acts.").[3] It is true that "[o]nly the events that directly give rise to a claim are relevant." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). It is also true, however, that courts "should review the entire sequence of events underlying the claim." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (citations and internal quotation marks omitted); *see also Astro-Med, Inc. v. Nihon Kohden America, Inc.*, 591 F.3d 1, 12 (1st Cir. 2009) (similar); *Cox v. Sullivan*, 2014 WL 4352088, *3 (N.D. Okla. Sept. 2, 2014) (for purposes of § 1391(b)(2), "courts are instructed to focus on the entire sequence of events giving rise to the claim, rather than merely where the 'triggering event' occurred").

After careful review of the parties' arguments and factual submissions, the Court readily concludes that transactional venue is properly laid in this forum. Under any reasonable, common-sense reading of the statute and the Complaint, "a substantial part of property that is the subject of the action is situated" in this judicial district. Again, SEPH brought this action under Alabama fraudulent transfer statutes, seeking relief to include the setting aside of certain transfers of property made by Charles and Belinda Trammell. One such item whose transfer

---

[3] *See also Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp.2d 898, 913 (N.D. Ill. 2003) ("For venue to be proper under [§ 1391(b)(2)], a majority of the events giving rise to the claim need not occur in the venue, only a 'substantial part.'") (citations omitted); *Park Inn Int'l, L.L.C. v. Mody Enterprises, Inc.*, 105 F. Supp.2d 370, 376 (D.N.J. 2000) ("The statute only requires a 'substantial part' of the events to have occurred in the District to establish venue. It does not require a majority of the events to take place here, nor that the challenged forum be the best forum for the lawsuit to be venued."); *Masterson v. Swan Range Log Homes, LLC*, 2007 WL 625387, *2 (D. Idaho Feb. 23, 2007) ("to satisfy the second prong of § 1391 it is not necessary for Plaintiff to show that a majority of events giving rise to the action occurred in Idaho, but only that a substantial part of the events took place here"); *Kelly v. Echols*, 2005 WL 2105309, *12 (E.D. Cal. Aug. 30, 2005) ("It is not necessary that a majority of the events occurred in the district where suit is filed, that the events in that district predominate, or that the chosen district is the 'best venue,' rather plaintiffs must show that a 'substantial part' of the events giving rise to their claims occurred in the chosen district.") (citations omitted).

SEPH seeks to set aside is unit 501 of Perdido Place, a condominium located in this judicial district and valued (according to the Complaint) at $1.4 million with no mortgage balance. This $1.4-million condominium unit plainly constitutes "a substantial part of property that is the subject of the action," thereby giving rise to transactional venue under a straightforward, common-sense application of § 1391(b)(2).[4]

Even if the "substantial part of property" prong of the transactional venue statute were not satisfied here (which it is), the Court agrees with SEPH that venue would lie under the "substantial part of the events or omissions giving rise to the claim" alternative set forth in § 1391(b)(2). Considering the entire sequence of events giving rise to SEPH's fraudulent transfer claims, as required by applicable case authorities, events occurring in this district did indeed play a substantial role in SEPH's claims. Under the Alabama Uniform Fraudulent Transfer Act, relief against a transfer is available only to creditors. *See* Ala. Code § 8-9A-7(a). A "creditor" is a defined term in the Act, meaning "[a] person who has a claim." Ala. Code § 8-9A-1(4). And a "claim" is defined as a "right to payment." Ala. Code § 8-9A-1(3). Thus, an essential element of proof in SEPH's fraudulent transfer causes of action is that it has a "right to payment" from the Estate and Belinda Trammell. There is no dispute that the events giving rise to this purported right to payment overwhelmingly transpired in this judicial district. For example, the underlying

---

[4] In arguing otherwise, defendants' stated rationale is as follows: "Finally, it is undisputed that a substantial part of the property at issue is not located in the Southern District of Alabama. The UPS stock and the house on Lake Martin are held in the Middle District, and only the condominium in Baldwin County is in the Southern District." (Doc. 14-1, at 5.) This reasoning is opaque. The Court cannot perceive any reasonable basis for defendants' conclusion that a $1.4 condominium unit located in this judicial district does not constitute a "substantial part of property at issue" in this case. To the extent that defendants mean to argue that the majority of the property at issue is found in another judicial district, that is not the proper test, as discussed *supra*. Whether or not "[t]he one condo in Baldwin County comprises a minority of the total value of the allegedly transferred property" (doc. 19, at 11), as defendants argue without supporting evidence, is inconsequential to the § 1391(b)(2) analysis. Defendants assert that "the vast majority of the property" is located in the Middle District of Alabama (doc. 19, at 11), but this conclusory characterization appears unfounded. To be clear, the specific property enumerated in the Complaint consists of the Perdido Place condo, the Lake Martin house, and the UPS stock. The lake house and the stock certificates may be located in another judicial district, but that hardly warrants a statement that "the vast majority of the property" lies elsewhere, when the condo unit is here. Because the Perdido Place unit is located in this district and comprises a "substantial part" of the disputed property whose transfers are contested in this action, venue is properly laid here.

loans were made by SEPH's predecessor in this judicial district for real estate development projects to occur in (or within a mile of) this judicial district. (Braswell Aff. (doc. 18, Exh. A), ¶¶ 5-9, 12-13.) Charles and Belinda Trammell executed guaranties for these loans in favor of SEPH's predecessor in this judicial district, and specifically agreed that venue for causes of action arising out of or in connection with those guaranties would be courts in Mobile County or Baldwin County, both locations within this judicial district. (Doc. 18, Exh. A-1, at 3, 5, 8, 10, 13, 15-16, 19, 21; Exh. A-2, at 3, 5-6, 9, 11.) The same is true of the note executed by Charles Trammell. (Doc. 18, Exh. A-4, at 2, 8.) The point is straightforward: The right to payment which forms the backbone of SEPH's fraudulent transfer claims came into being in this judicial district. Moreover, SEPH's evidence is that its actual fraudulent transfer claims will rely on evidence of acts and omissions within this judicial district such as (i) Charles and Belinda Trammell "retained possession or control" of the Perdido Place condominium after its transfer, Ala. Code § 8-9A-4(b)(2); (ii) Charles and Belinda Trammell omitted to notify SEPH's predecessor (whose offices were in this judicial district) of the transfers, Ala. Code § 8-9A-4(b)(3); (iii) the transfers were made only after SEPH filed a lawsuit against the Trammells in this judicial district, Ala. Code § 8-9A-4(b)(4); and (iv) the transfers took place before the Trammells' debt had been reduced to judgment in this judicial district, Ala. Code. § 8-9A-4(b)(10). Finally, one of the assets that SEPH claims was fraudulently transferred is a $1.4 million condominium located within this judicial district.

Of course, defendants maintain that they all live in the Middle District of Alabama and that all paperwork effectuating the challenged transfers was prepared, executed, and in some cases recorded in the Middle District of Alabama, particularly at locations in Autauga County, Elmore County and Montgomery County. Be that as it may, the proper question for purposes of transactional venue is not which district has the strongest or most direct ties to the commission of the alleged wrongs (*i.e.*, the district containing the lawyer's offices and financial advisers' offices in which the allegedly fraudulent transfers were planned and carried out), but is rather whether the judicial district selected by SEPH is where a "substantial part of the events or omissions giving rise to the claim" took place. Under § 1391(b)(2), there are scenarios "in which venue will be proper in two or more districts." *Jenkins Brick*, 321 F.3d at 1371. This is one of them. Under the facts and circumstances presented here, the Court concludes that transactional venue is proper in this judicial district because a substantial part (albeit not the majority or, perhaps, the

most crucial part) of the events and omissions giving rise to SEPH's fraudulent transfer claims occurred in the Southern District of Alabama.

Because venue properly lies in this judicial district under each distinct prong of the transactional venue statute, Defendants' Motion to Dismiss Plaintiff's Complaint for improper venue pursuant to Rule 12(b)(3) is **DENIED**.

### III.     Defendants' Motion for Discretionary Transfer of Venue.

In the alternative, defendants move for transfer of venue to the U.S. District Court for the Middle District of Alabama.  The applicable statute provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  "District courts have broad discretion in deciding whether to transfer an action to a more convenient forum." *Continental Motors, Inc. v. Jewell Aircraft, Inc.*, 882 F. Supp.2d 1296, 1312 (S.D. Ala. 2012) (citations omitted).  "[I]n the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); *see also Osgood v. Discount Auto Parts, LLC*, 981 F. Supp.2d 1259, 1263 (S.D. Fla. 2013) ("The burden is ultimately on the party moving for transfer to establish that another district is a more convenient forum than the plaintiff's chosen forum.").

There appears to be no reasonable dispute that venue would be proper in the Middle District of Alabama.[5]  As such, the § 1404(a) inquiry here focuses on whether defendants have established that the Middle District of Alabama is a more convenient forum than the Southern District of Alabama, and whether the interests of justice favor such a transfer. *See Continental Motors*, 882 F. Supp.2d at 1313 ("[O]nce it is established that the action could originally have been brought in the proposed transferee forum …, courts examine whether a balancing of the convenience of the parties and the interest of justice favors transfer in the specific case.") (citation and internal quotation marks omitted).  Relevant factors in that balancing process

---

[5]     In particular, (i) all individual defendants appear to reside in the Middle District of Alabama, and the entity defendants are Alabama citizens, rendering venue proper in that district pursuant to 28 U.S.C. § 1391(b)(1); and (ii) a substantial part of property that is the subject of SEPH's fraudulent transfer claims is situated in the Middle District of Alabama, rendering venue proper in that district pursuant to 28 U.S.C. § 1391(b)(2).  SEPH challenges neither of these propositions.  Accordingly, the Court finds that this action could have been brought in the Middle District of Alabama.

include "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). "Given the deferential, case-specific nature of the inquiry, the foregoing factors are not applied in a rote, mechanical way, nor are they an exhaustive, all-encompassing catalogue of permissible considerations." *Baker v. RBS Worldpay, Inc.*, 2010 WL 4065074, *2 (S.D. Ala. Oct. 15. 2010).

A prominent factor in the § 1404(a) analysis is the plaintiff's choice of forum. *See, e.g., Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.").[6] SEPH elected to commence this fraudulent transfer action in the Southern District of Alabama, and that election will not lightly be cast aside. To be sure, defendants have cited unpublished authority positing that the weight of this factor is attenuated where "the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff." (Doc. 14-1, at 8-9.) Even assuming (without deciding) that these unpublished district-court decisions have persuasive value as to this principle, this is simply not such a case. As explained in detail *supra*, many of the operative facts and circumstances animating SEPH's fraudulent transfer lawsuit did take place in this judicial district. This factor weighs against transfer.[7]

---

[6] *See also Atlantic Marine Const. Co. v. U.S. Dist. Court for Western Dist. of Texas*, --- U.S. ----, 134 S.Ct. 568, 581 n.6, 187 L.Ed.2d 487 (2013) (in a typical case where § 1404(a) motion is brought, "[t]he Court must also give some weight to the plaintiffs' choice of forum"); *Osgood*, 981 F. Supp.2d at 1266 ("Generally, the plaintiff's choice of forum is given considerable deference.").

[7] Nonetheless, the weight accorded this factor is somewhat diminished where, as here, the plaintiff is not a citizen of the selected forum. *See, e.g., Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (noting that where plaintiff's choice of venue is not its "home forum, … the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable") (citation and internal quotation marks omitted).

Next, defendants suggest that transfer is warranted to promote the convenience of the witnesses and parties, which is undoubtedly an important consideration. *See, e.g., Bartronics, Inc. v. Power-One, Inc.*, 510 F. Supp.2d 634, 637-38 (S.D. Ala. 2007) ("courts have recognized that, aside from the plaintiff's own choice of forum, the most important factor in passing on a motion to transfer under § 1404(a) is the convenience of the witnesses") (citations and internal quotation marks omitted). With regard to convenience of the witnesses, defendants object that the Southern District of Alabama is inconvenient for defense witnesses Robert Burton (an attorney with an office in Autauga County, Alabama, who prepared the warranty deeds for the challenged transfers of the Lake Martin house and the Perdido Place condominium unit) and Daryl Greer (a financial advisor with an office in Autauga County, Alabama, who processed the challenged transfer of Charles Trammell's UPS stock). But defendants have made no showing that these witnesses are critically important to the defense, that defendants expect to call Burton and Greer to testify live at trial, or that these witnesses consider the Southern District of Alabama forum to be inconvenient or burdensome to any material degree. Defendants have not even presented evidence that Burton resides in the Middle District of Alabama, only that he has an office there. On this showing, the Court cannot find that the convenience of the witnesses strongly favors transfer.

As for convenience of the parties, defendants first cite the age (69) and medical conditions (knee replacement, vertigo, hypertension, etc.) of defendant Barbara Trammell, who resides in the Middle District of Alabama. (Trammell Dep. (doc. 14, Exh. A), ¶¶ 1, 3.) But defendants make no showing beyond a conclusory allegation that travel to Mobile for trial would be onerous for Ms. Trammell because of her health conditions. On the opposite side of the ledger, plaintiff's evidence is that Ms. Trammell signed multiple documents agreeing to a Mobile County or Baldwin County venue for litigation relating to her loan guaranties underlying the alleged fraudulent transfers. (Doc. 18, Exh. A-1, at 13, 15, 19, 21; Exh. A-2, at 3, 5, 9, 11.) Having done so, Ms. Trammell cannot be heard to complain that this judicial district is less convenient for her than the Middle District of Alabama. *See, e.g., Atlantic Marine Const. Co. v. U.S. Dist. Court for Western Dist. of Texas*, --- U.S. ----, 134 S.Ct. 568, 582, 187 L.Ed.2d 487 (2013) ("When parties agree to a forum-selection clause, they waive the right to challenge the

preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.").[8]

Nor do defendants successfully bolster their "inconvenience" argument by pointing to evidence that defendants Tammy T. Center and Amy T. Brown (apparently the adult daughters of Charles and Belinda Trammell) live in the Middle District of Alabama, are mothers of middle-school and high-school aged children, and have responsibilities to their respective children and husbands in the form of "daily transportation and domestic support" for extracurricular activities, homework, meals, cleaning, and so on. (Center Decl. (doc. 14, Exh. C), ¶ 3; Brown Decl. (doc. 14, Exh. B), ¶ 3.) Nothing in these declarations demonstrates that defendants Center and Brown would suffer material hardship if this action were to remain pending in the Southern District of Alabama. They do not explain why their spouses or high-school aged children could not temporarily cover for them with regard to these "daily transportation and domestic support" obligations during the trial of this action. For that matter, they do not explain why they would be unable to make the approximately 160-mile drive between Mobile and Montgomery County as needed during the trial to accommodate and balance competing family and trial responsibilities. And many of the purported inconveniences and disruptions to their daily household routines would appear comparable regardless of whether this action moves forward in the Middle District or the Southern District of Alabama.

---

[8] In response to these principles, defendants insist that the forum selection clauses in the guaranties signed by Ms. Trammell do not apply because of "their limiting language and because this action arises out of different operative facts." (Doc. 19, at 12.) In its current formulation, this argument is unpersuasive. The operative language to which Ms. Trammell, as guarantor, agreed states that she "submits … herself to jurisdiction in the state of Alabama for any cause of action or actions ***arising out of or in connection with this guaranty*** … and agrees that venue for such action shall be in Mobile County, Alabama or Baldwin County, Alabama." (Doc. 18, Exh. A-2, at 9 (emphasis added).) Defendants offer nothing beyond a conclusory statement that this action does not "arise out of or in connection with" the guaranties executed by Ms. Trammell. A reasonable reading of the Complaint strongly suggests otherwise, to-wit: Ms. Trammell and her husband executed guaranties for certain loans that went into default, then (according to SEPH) transferred assets to family-owned LLCs for less than reasonable value to stonewall SEPH's efforts to enforce those guaranties. Viewed in this light, SEPH's action to set aside those allegedly fraudulent transfers is one that "arises out of or in connection with" the subject guaranties as to which Ms. Trammell stipulated to a forum in this district. Defendants have failed to make even a colorable showing that Ms. Trammell should not be bound by the forum-selection clauses to which she agreed.

In short, defendants have not made a compelling case that the convenience of the parties favors transfer of this action to the Middle District of Alabama.[9]  To be sure, the Court does not doubt that defendants would find it more convenient to litigate this action in their home forum; however, a § 1404(a) transfer is not appropriate where its result would be merely to shift the inconvenience from one side to the other.[10]  The Court will not grant a transfer under § 1404(a) based on convenience of the parties, where (i) defendants have not shown that it would pose a substantial hardship for them if this action were to proceed in this District Court; (ii) the distance between the present forum and the proposed transferee forum is less than 200 miles, thereby mitigating the hardship to any defendant (or witness, for that matter) living in the Middle District; and (iii) plaintiff would be incrementally inconvenienced to a similar and offsetting degree if the transfer occurred.

The remaining pertinent factors may be dispatched expeditiously.  The location of documents is a neutral factor.  Documents relating to the challenged property transfers are located in the Middle District of Alabama, but underlying loan/guaranty documents are located in this judicial district.  Neither collection of files appears voluminous, nor is there any indication

---

[9]   This conclusion is reinforced by plaintiff's evidence that its employee, Andrew Braswell, is expected to be a testifying witness for SEPH at trial, given his substantial involvement in the underlying note and guaranty transactions as a representative of SEPH's predecessor.  (Braswell Aff. (doc. 18, Exh. A), ¶¶ 3-16.)  Braswell lives in Baldwin County, Alabama.  (*Id.*, ¶ 3.)  Whatever improvements in convenience might be generated for defendants Brown and Center by transferring venue to the Middle District of Alabama would be offset to a substantial degree by the countervailing decline in convenience for SEPH's representative who witnessed (and will testify to) the underlying financial transactions creating the right to payment on which SEPH's fraudulent transfer claims are predicated.

[10]   *See, e.g., S.E.C. v. Lauer*, 478 Fed.Appx. 550, 554 (11th Cir. Apr. 19, 2012) ("a transfer that would only shift inconvenience from the defendant to the plaintiff does not outweigh the plaintiff's choice for Section 1404(a) purposes"); *Rice v. PetEdge, Inc.*, 975 F. Supp.2d 1364, 1374 (N.D. Ga. 2013) ("A desire to shift the inconveniences of litigation onto plaintiff is not a valid basis for a transfer under § 1404(a)."); *Steifel Laboratories, Inc. v. Galderma Laboratories, Inc.*, 588 F. Supp.2d 1336, 1339 (S.D. Fla. 2008) ("Ultimately, transfer can only be granted where the balance of convenience of the parties *strongly* favors the defendant."); *Cellularvision Technology & Telecommunications, L.P. v. Alltel Corp.*, 508 F. Supp.2d 1186, 1189 (S.D. Fla. 2007) ("where a transfer merely shifts the inconvenience from one party to another, Plaintiff's choice of forum should remain") (citations and internal quotation marks omitted).

that it would be burdensome or impracticable to ship either set of documents from one forum to the other. The "locus of operative facts" factor is likewise a wash, for the reasons discussed in Section II, *supra* (*i.e.*, that significant and substantial operative facts occurred in each district). While defendants trumpet the "availability of process" factor as favoring transfer in this case, the Court disagrees. Defense witnesses Burton and Greer may or may not be outside the reach of defendants' trial subpoena capabilities under Rule 45.[11] Even if they were, defendants have made no showing that either of these witnesses would be unwilling to attend judicial proceedings in this matter without court compulsion, much less that no reasonable alternative arrangements are available to secure their trial testimony. On this showing, the "availability of process" factor does not weigh in favor of transfer.[12] There is no indication that the relative means of the parties, the familiarity of the respective fora with governing law, or trial efficiency would meaningfully favor one forum over the other.[13]

---

[11]  In particular, that rule provides that a subpoena is valid as to a trial "within the state where the person resides, is employed, or regularly transacts business in person, if the person … is commanded to attend a trial and would not incur substantial expense." Rule 45(c)(1)(B)(2), Fed.R.Civ.P. Witnesses Burton and Greer reside and work in Alabama, and there is no indication that they would incur substantial expense in making the sub-200 mile drive to Mobile for trial; therefore, it appears quite possible that defendants can in fact subpoena these witnesses for trial, assuming that these witnesses are needed at trial and would not appear voluntarily (which assumptions lack any record basis in fact at this time).

[12]  *See, e.g., Breeden v. Tricom Business Systems, Inc.*, 244 F. Supp.2d 5, 10 (N.D.N.Y. 2003) (finding availability-of-process factor not to favor transfer where "neither party has demonstrated that these witnesses will not appear voluntarily or that the use of videotaped depositions will not be adequate here"); *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 24 F. Supp.2d 66, 73 (D.D.C. 1998) (finding this factor to merit little weight where "[d]efendants state that the potential witnesses residing in California are beyond the subpoena power of this Court, but they do not suggest that these witnesses will refuse to appear if the trial is held in the District of Columbia"); *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 931 (W.D. Mo. 1985) (factor is not controlling where "the defendant's argument merely assumes that the witnesses in question would not appear voluntarily" and "defendant has not shown that use of video-taped depositions would be inadequate").

[13]  Defendants seek to advance their cause by reliance on a public interest factor described as "the local interest in having localized controversies decided at home." *U.S. ex rel. MDI Services, LLC v. Federal Ins. Co.*, 2014 WL 1576975, *2 (N.D. Ala. Apr. 17, 2014) (citations omitted). In this regard, defendants reason that it would disserve the public interest "[t]o burden the Southern District with a controversy that arose within the Middle District." (Doc. 19, at 17.) Contrary to defendants' suggestion, the Southern District of Alabama has a
(Continued)

As stated previously, it is defendants' burden to establish that the proposed transferee forum (the Middle District of Alabama) is more convenient than that selected by plaintiff. The Court is of the opinion that defendants have not met this burden. SEPH's choice of forum is entitled to deference. Defendant Belinda Trammell agreed to this forum in underlying contractual documents. One of the two parcels of allegedly fraudulently transferred real property is located in this judicial district, and all of the facts pertaining to SEPH's "right to payment" (and its efforts to enforce same, which allegedly triggered the challenged transfers) arose in this judicial district. Defendants Center and Brown demonstrate no more than mild inconvenience/disruption that would afflict them if trial were to be held in this judicial district. And the proposed transferor and transferee courthouses are within sufficient geographic proximity that any modest inconvenience defendants or their witnesses may incur in the absence of a transfer is attenuated. Of course, "modern methods of transportation and communication have lessened the burden of defending a suit in a foreign jurisdiction." *Mutual Service Ins. Co. v. Frit Industries, Inc.*, 358 F.3d 1312, 1320 (11th Cir. 2004). Defendants have not established that they would be substantially burdened by being forced to defend against this action here. Because defendants have not shown that the convenience of the parties and witnesses favor transfer with sufficient force to overcome the deference assigned to plaintiff's choice of forum, and because the interests of justice do not favor transfer in the circumstances presented here, the Court declines defendants' request for discretionary transfer of venue pursuant to § 1404(a).

**IV.   Conclusion.**

For all of the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint and/or Motion to Transfer Venue (doc. 14) is **DENIED** in its entirety. Defendants are **ORDERED** to file answers to the Complaint on or before **August 4, 2015**.

---

substantial interest in deciding this controversy. According to the well-pleaded allegations of SEPH's Complaint, this case involves defendants' attempts to circumvent guaranty obligations entered into in this judicial district for loans made in this judicial district to develop real estate projects in this judicial district, such circumvention to take the form of (among other things) fraudulent transfer of a $1.4 million condominium unit located in this judicial district. To characterize this action as the Southern District of Alabama deciding a "foreign" controversy with no local connections is inaccurate to the extreme. In many respects, this controversy is indeed local to the Southern District, and the public interest would be well served by adjudicating it here.

-13-

DONE and ORDERED this 21st day of July, 2015.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE