IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0033-WS-C |
| | ) |
| TAMMY T. CENTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Modify Pretrial Document (doc. 133).

In the parties' Joint Pretrial Document filed on January 6, 2017, plaintiff, SE Property Holdings, LLC ("SEPH"), indicated that it seeks the following relief at trial: (i) "the equitable relief available to creditors pursuant to Ala. Code § 8-9A-7(a);" and (ii) "a judgment against the transferees … pursuant to Ala. Code § 8-9A-8(b) in the amount of the lesser of the value of the assets transferred and the amount necessary to satisfy its claim." (Doc. 129, at 9.)  During the Final Pretrial Conference held on January 10, 2017, however, SEPH's counsel indicated that plaintiff had inadvertently omitted reference to punitive damages in the "DAMAGES" section of the Joint Pretrial Document, and clarified that SEPH still seeks an award of punitive damages, just as it has consistently done since the outset of this litigation.[1]

On January 10, 2017, the Court entered an Order on Pretrial Conference (doc. 135) that expressly "incorporate[d] by reference the parties' Joint Pretrial Order (Doc. 129)" and mandated that such document "shall constitute the final statement of the issues involved in the action,

---

[1] Plaintiff is correct on this point.  Indeed, the initial Complaint filed back on January 23, 2015 includes multiple demands for "compensatory and punitive damages in an amount to be determined by the Court." (Doc. 1, at 9, 11, 12, 13.)  The same is true of the First Amended Complaint filed on April 11, 2016. (*See* doc. 55, at 13, 15, 17.)  SEPH's claim for punitive damages has been adequately raised in the pleadings.

govern the conduct of the trial, and form the basis for any relief afforded by the Court." (Doc. 135, at 2.) That said, the Order on Pretrial Conference also allowed for the possibility of amendments to the Joint Pretrial Document with leave of court. Recognizing that SEPH wished to amend the Joint Pretrial Document to include claims for punitive damages, the January 10 Order fixed a deadline of January 17, 2017 for any such motion, with responses to be due no later than January 24, 2017. (*Id.* at 3.) SEPH timely filed its Motion to Modify Pretrial Document, and defendants elected not to respond within the time frame provided.

The Federal Rules of Civil Procedure authorize modification of "the order issued after a final pretrial conference only to prevent manifest injustice." Rule 15(e), Fed.R.Civ.P. As grounds for its Motion to Modify, SEPH points out that it "has always claimed punitive damages" and correctly observes that "no party will be prejudiced and the trial will not be delayed" if the amendment is allowed. (Doc. 133, ¶¶ 5, 9.) In light of these circumstances, including plaintiff's raising of the issue promptly during the Pretrial Conference and defendants' decision not to oppose the proposed amendment, the Court in its discretion **grants** the Motion to Modify Pretrial Document (doc. 133). Section I of the Joint Pretrial Document is hereby **amended** to include the following language at the end of the paragraph: "SEPH also seeks punitive damages against the Defendants. Defendants contend punitive damages are not recoverable in this case." In all other respects, the Joint Pretrial Document remains unchanged.

Of course, by allowing the amendment, the Court expresses no opinion as to whether punitive damages are or are not legally recoverable in this action. The parties should address that issue as part and parcel of their forthcoming court-directed trial briefs on the question of "what remedies are available and appropriate if Plaintiff prevails on the merits at trial." (Doc. 135, at 2.)

DONE and ORDERED this 26th day of January, 2017.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE