**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    **CIVIL ACTION 15-0033-WS-C** |
| | ) |
| TAMMY T. CENTER, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter comes before the Court on defendants' Motion for Partial Reconsideration of Summary Judgment Order (doc. 140). The gravamen of the Motion is that reconsideration is warranted "to correct error and prevent manifest injustice" because "the Trammells were not put on notice that they needed to defeat each and every element of Count Three in their Response Brief" on summary judgment. (*Id.* at 2.)

Plaintiff, SE Property Holdings, LLC ("SEPH"), brought this fraudulent transfer action seeking to have certain transfers of property made by defendants Charles and Belinda Trammell set aside and declared null and void under Alabama law. To achieve that objective, SEPH brought three causes of action against the Trammells and others for violation of three different subsections of the Alabama Uniform Fraudulent Transfer Act, Ala. Code §§ 8-9A-1 *et seq.* (the "AUFTA"), as well as a fourth claim sounding in conspiracy. In its Motion for Partial Summary Judgment (doc. 90), SEPH moved for summary judgment as to one of the AUFTA claims, specifically, Count Three, which alleged constructive fraudulent transfer in violation of Alabama Code § 8-9A-5(a).

To prevail on its claim for violation of § 8-9A-5(a), SEPH must establish each of the following elements: (i) that SEPH is a creditor of Charles and Belinda Trammell; (ii) that SEPH's claim against Charles and Belinda Trammell arose before the transfers were made; (iii) that Charles and Belinda Trammell made the transfers without receiving a reasonably equivalent value from the transferees; and (iv) that the Trammells were insolvent at the time or became

insolvent as a result of the transfers.  In its 27-page memorandum of law (doc. 91) and 440 pages of exhibits (docs. 92 & 93) filed in support of its Rule 56 Motion, SEPH outlined evidence and argument supporting each of these elements.  Defendants countered by submitting a 24-page Response (doc. 100) and 86 pages of exhibits, confronting these elements head-on.  For example, defendants devoted three pages of their Response to a legal argument that "SEPH has failed to prove that it has a right to payment" from the Trammells, and that "SEPH has failed to discharge the initial burden of showing *affirmatively* the absence of a genuine issue of material fact on the threshold question of the existence of a debtor-creditor relationship."  (Doc. 100, at 3-6.) Defendants also spent four pages of their Response detailing their evidence and argument that "[t]he Trammells received reasonably equivalent value in exchange for" the subject transfers. (*Id.* at 17-20.)  And defendants developed an 11-page argument addressing the "insolvency" element.  (*Id.* at 6-17.)  In short, defendants' Response was a multi-pronged attack on SEPH's ability to meet its burden of proving the elements of a violation of § 8-9A-5(a).[1]  Defendants did not focus their opposition on a single element as a means of defeating the Motion for Partial Summary Judgment, leaving the remainder of the elements for trial; rather, a fair reading of defendants' Response is that they brought forth arguments and evidence vigorously contesting all elements of Count Three (except for the timing element), and litigating those issues in full on summary judgment.

After considering the parties' extensive summary judgment submissions, the Court entered an Order on December 30, 2016, granting the motion in part and denying it in part. Specifically, the Court determined that SEPH was not entitled to summary judgment on Count

---

[1]     To be sure, defendants' Response did not address the second element of Count Three, to-wit: the requirement that SEPH be a "creditor whose claim arose before the transfer was made."  Ala. Code § 8-9A-5(a).  Such an omission cannot reasonably be attributed to litigation strategy or a desire to stockpile arguments in reserve for trial.  After all, the record unambiguously shows that the Trammells executed the guaranties in question between 2005 and 2007, that the debtors' default happened no later than early 2009, that SEPH's predecessor sued the Trammells in state court to enforce the guaranties in 2009, and that the Trammells engaged in the subject asset transfers between January 2011 and October 2013.  Given those uncontroverted factual parameters, there appears to be no plausible argument – and defendants have certainly never articulated one, either in their briefs or in the statement of triable claims in the Joint Pretrial Document – that SEPH's claims for enforcement of the guaranties did not arise before the challenged transfers.  Defendants' silence on this point is understandable.

III in its entirety because "there are genuine issues of material fact as to whether defendants Charles Trammell and Belinda Trammell were insolvent at the time of the challenged transfers. Because insolvency is a necessary element of proof for Count Three …, that finding precludes entry of summary judgment at this time."  (Doc. 122, at 27.)  Significantly, the December 30 Order also made the following determination:

> "Because the summary judgment record reveals no genuine issues of material fact, the Motion is **granted** as to the following elements of Count III: (i) SEPH's status as a creditor and the Trammells' status as debtors; (ii) the timing of SEPH's claim against the Trammells (*i.e.*, that it arose before the subject transfers were made); and (iii) that the Trammells made the transfers without receiving a reasonably equivalent value.  Those issues having been resolved on summary judgment, they need not and will not be litigated at trial, pursuant to Rule 56(g), Fed.R.Civ.P."

(*Id.* at 27-28.)

In their Motion for Partial Reconsideration, defendants take aim at the portion of the December 30 Order granting partial summary judgment to SEPH on three elements of the § 8-9A-5(a) claim.  As grounds for that Motion, defendants balk that they were never placed on notice that summary judgment might be granted as to particular elements of Count III.  Indeed, defendants object that "[n]owhere in its Motion or Brief in Support does SEPH request Summary Judgment as to individual elements of Count Three."  (Doc. 140, at 3.)  They explain that all that was required of them in Rule 56 motion practice was "to demonstrate the existence of a genuine issue of material fact as to *any element of Count Three*."  (*Id.* at 4 (emphasis added).)  And they complain that "without notifying either party, this Court *sua sponte* turned SEPH's request for Partial Summary Judgment as to Count Three into a trial-by-brief as to the individual elements of Count Three."  (*Id.* at 5.)  Defendants' position is that, by doing so, the Court committed "error" resulting in "manifest injustice," for which reconsideration is necessary.

Conspicuously missing from defendants' Motion for Partial Reconsideration is any reference to, or treatment of, Rule 56(g) of the Federal Rules of Civil Procedure.  On its face, the December 30 Order explained that in granting summary judgment as to three elements of Count Three, the Court was relying on Rule 56(g).  The rule provides as follows:

> "If the court does not grant all the relief requested by the motion, *it may enter an order stating any material fact* – including an item of damages or other relief – *that is not genuinely in dispute and treating the fact as established in the case*."

Rule 56(g), Fed.R.Civ.P. (emphasis added).  Thus, defendants seek reconsideration of a ruling without addressing the legal authority on which that ruling was expressly predicated.

Rule 56(g) furnishes district courts with an important procedural tool for granting summary judgment as to particular elements of a cause of action even when summary judgment is not appropriate for the claim as a whole.[2]  The purposes of this flexible rule are to salvage constructive results from the adjudication of unsuccessful summary judgment motions and to narrow the facts and issues for trial.  *See, e.g., D'Iorio v. Winebow, Inc.*, 68 F. Supp.3d 334, 356 (E.D.N.Y. 2014) ("The purpose of the rule is twofold: to salvage some of the judicial effort involved in the denial of a motion for summary judgment and to streamline the litigation process by narrowing the triable issues.") (citations and internal marks omitted).[3]  "The decision of the Court to enter an order limiting relief under Rule 56(g) is a matter of discretion."  *D'Iorio*, 68 F.

---

[2]    *See, e.g., Students for Life USA v. Waldrop*, 162 F. Supp.3d 1216, 1253 & n.57 (S.D. Ala. 2016) (relying on Rule 56(g) to grant summary judgment on limited questions such as "the type of forum the Perimeter represents (limited public forum)," while denying summary judgment as to claims as a whole); *National Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc.*, 782 F. Supp.2d 1047, 1051 (C.D. Cal. 2011) ("Rule 56(g) allows a court to grant partial summary judgment, thereby reducing the number of facts at issue in a trial.") (citation omitted); *Malbco Holdings, LLC v. Patel*, 2016 WL 5898629, *1 (D. Or. Oct. 7, 2016) ("Partial summary judgment rulings allow the court to limit the number of facts at issue for trial. … The court has discretion in deciding whether to grant partial summary judgment."); *S.E.C. v. BIH Corp.*, 2014 WL 3384777, *2 (M.D. Fla. July 10, 2014) ("The SEC is correct that a court may grant partial summary judgment as to an element of a party's case when the element lacks any genuine issue of material fact.  *See* Fed.R.Civ.P. 56(g)."); *In re Roman-Perez*, 527 B.R. 844, 856 (Bankr. D.P.R. 2015) ("Pursuant to Fed.R.Civ.P. 56(g), even if summary judgment is not entirely granted, the court has the authority to determine the material facts which are genuinely not in dispute, and establish those facts as undisputed for trial."); *In re Oberg*, 2016 WL 5376186, *6-8 (Bankr. E.D. Tenn. Sept. 26, 2016) (denying motion for summary judgment on entire claim, but relying on Rule 56(g) to grant summary judgment for plaintiff as to "1) Defendant received money from DHS, 2) Defendant made a material false statement in the November 29th and June 20th Review Forms, and 3) the Review Forms are written statements concerning the Defendant's financial condition").

[3]    *See also United States v. Kellogg Brown & Root, Inc.*, 2015 WL 10937548, *1 (E.D. Tex. June 10, 2015) ("In essence, Rule 56(g) is used to narrow issues and facts for trial after denying in whole or in part a motion properly brought under Rule 56's other provisions.") (citations and internal quotation marks omitted); *Selkow v. 7-Eleven, Inc.*, 2012 WL 2054872, *5 (M.D. Fla. June 7, 2012) (purpose of this rule "is to salvage constructive results of the Court's denial of a properly-brought but unsuccessful summary judgment motion") (citations omitted).

Supp.3d at 356 (citations and internal quotation marks omitted); *United States v. Kellogg Brown & Root, Inc.*, 2015 WL 10937548, *1 (E.D. Tex. June 10, 2015) ("Whether to issue an order under Rule 56(g) is within the court's discretion.").

Based on review of the parties' extensive summary judgment filings, the Court made a discretionary determination that application of Rule 56(g) to narrow the facts and triable issues, and to salvage some constructive results from the time-consuming, comprehensive summary judgment process, was warranted. Here is why: In their Response, defendants presented facts and arguments in support of their position that the Trammells had received reasonably equivalent value for the subject transfers; however, the Court concluded that those facts failed to establish a genuine issue of material fact and that SEPH had affirmatively shown that no such reasonably equivalent value was received. Likewise, defendants' Response argued at length that SEPH's facts did not meet its burden of showing that SEPH was a creditor and the Trammells were debtors for AUFTA purposes; however, the Court found that SEPH's facts (none of which were controverted or challenged by defendants in any material way) did affirmatively establish a creditor/debtor relationship. Finally, on summary judgment, SEPH presented cut-and-dried facts as to the timing of when SEPH's predecessor's claim arose against the Trammells relative to when the Trammells transferred their assets. Defendants did not dispute those facts and did not intimate that any other or different facts existed that might bear on that narrow question; therefore, the Court concluded that SEPH had met its burden of showing that SEPH's claim arose before the transfers occurred. All of these findings were made pursuant to Rule 56(g) in the context of the heavily-litigated, hard-fought summary judgment briefing process, with an eye towards the authorized purposes of salvaging some constructive result from that resource-intensive process and streamlining the triable issues in advance of the imminent non-jury trial. Far from the "error" and "manifest justice" labels utilized by defendants' Motion for Partial Reconsideration, this was an entirely proper, just use of the Rule 56(g) vehicle.

Notwithstanding the foregoing, defendants object that "this Court turned SEPH's request for Summary Judgment as to Count Three into a trial-by-brief on the individual elements of Count Three" even though SEPH never requested same. (Doc. 140, at 2-3.) But that is precisely what Rule 56(g) contemplates. Much of defendants' Motion reads like a condemnation of Rule 56(g), even though defendants never cite it or address it directly. As discussed *supra*, however, Rule 56(g) serves an important but limited function. The Court, in its discretion and in the

particular circumstances of this case, determined that application of Rule 56(g) would be beneficial in streamlining the issues for trial.  Yet defendants' arguments, if accepted, would effectively excise Rule 56(g) from the Federal Rules of Civil Procedure or render it "manifestly unjust" for a district court ever to invoke it.  The Court cannot agree.  Similarly unavailing are defendants' assertions that it was error for the Court to apply Rule 56(g) "without notifying either party."  (Doc. 140, at 2, 5.)  This argument would engraft on the rule a notice provision that simply is not there.  Review of the case law cited *supra* confirms that courts have granted partial summary judgment under Rule 56(g) in a wide variety of settings and often without specific, prior notice to the parties.  It cannot be "manifest injustice" for a district court to fail to adhere to a notice requirement that does not exist.

More broadly, the thematic narrative undergirding the Motion for Partial Reconsideration appears to be as follows: Defendants never knew the Court might enter partial summary judgment on individual elements of Count Three.  In briefing the Rule 56 Motion, defendants said only the bare minimum necessary for Count Three to survive.  They did not address specific elements in greater detail because they "were not put on notice" that they should.  As such, it is manifestly unjust that the Court entered partial summary judgment on specific elements.

This narrative does not fit the facts.  In entering partial summary judgment for SEPH on the creditor/debtor, timing and reasonably equivalent value elements of Count Three, the Court was mindful of the following cautionary language in the Advisory Committee Notes:

> "Once that duty [to determine whether the full relief requested by a summary judgment motion should be granted] is discharged, the court may decide whether to apply the summary-judgment standard to dispose of a material fact that is not genuinely in dispute.  The court must take care that this determination does not interfere with a party's ability to accept a fact for purposes of the motion only.  A nonmovant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated by the movant.  This position should be available without running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes."

Fed.R.Civ.P. 56(g), Advisory Committee Notes to 2010 Amendment.  From a plain reading of the Response, defendants' summary judgment strategy was not to focus their attack on "one or a few facts" and ignore the others; to the contrary, they presented in some detail their position as to all elements of Count Three.  This is simply not a case where, for example, defendants were so confident that they would prevail as to the

insolvency element of the § 8-9A-5(a) claim that they chose not to address the others. Defendants' Response set forth in comprehensive fashion their litigation position as to each of the § 8-9A-5(a) elements.  Nowhere did defendants intimate in their Response that they were holding anything back for trial.  Rather, the summary judgment briefs read for all the world like an advance preview of the arguments and evidence the parties intended to present at the forthcoming bench trial.  In the interests of streamlining that trial, focusing the parties' trial-preparation energies on matters as to which there are *bona fide* disputes of fact, and resolving those issues as to which no genuine issue of material fact appears, the Court utilized the Rule 56(g) mechanism to enter partial summary judgment as to certain elements of Count Three.  In doing so, the undersigned determined that the cautionary scenario described in the Advisory Committee Notes did not exist here.  Defendants' Motion does not show otherwise.  The Court's use of Rule 56(g) in this context was not error and it was certainly not manifestly unjust to defendants, as would be necessary to warrant reconsideration.[4]

For all of the foregoing reasons, Defendants' Motion for Partial Reconsideration (doc. 140) is **denied**.

DONE and ORDERED this 30th day of January, 2017.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]     For all of their objections to lack of notice and their suggestion that they were unfairly blindsided by the December 30 Order, defendants have never identified what additional argument or evidence they would have presented to bolster their positions as to the creditor/debtor, timing, or reasonably equivalent value elements of Count Three.  Even now, all appearances are that defendants presented on summary judgment what they intended to present at trial.  That evidence, coupled with SEPH's evidence, revealed no genuine issues of material fact as to those three elements; therefore, a Rule 56(g) partial summary judgment was entirely appropriate.  At any rate, defendants' failure to identify what they would have said or done differently had they been given notice (to which they were not entitled) that the Court was contemplating use of Rule 56(g) negates any claim of "manifest injustice" that might trigger a reconsideration remedy under applicable law.