# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 15-0033-WS-C |
| ) | |
| TAMMY T. CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on plaintiff's Motion for Extension of Deadline for Accounting (doc. 192). The Motion has been briefed (*see* docs. 193 & 194) and is now ripe.

On August 8, 2017, the undersigned entered an Order (doc. 180) directing an accounting to shed light on the dissipation of fraudulently transferred assets by the transferee defendants. In conjunction with that directive, the August 8 Order fixed a deadline of September 27, 2017 for SEPH to file its expert's report documenting the results of that accounting, as well as a supporting memorandum of law. By Order (doc. 185) entered on September 13, 2017, the Court extended that deadline through October 18, 2017 based on SEPH's representation that it needed additional documents from defendants and its accountant required more time to complete her analysis and corresponding report.

In its timely Motion for Extension, SEPH now requests a second enlargement of time for submitting its accountant's report. According to plaintiff, a 21-day extension is needed because its accountant is still awaiting certain documentation and information from defendants. In their Response (doc. 193), defendants agree that an extension of the deadline for completing the accounting is appropriate; however, defendants request that the accounting process be continued for a much longer period of time, through February 2018. As grounds for this request, defendants assert that (i) a 21-day continuance is insufficient to enable defendants to respond to plaintiff's latest request for new information; and (ii) the impending resolution of cross-motions for summary judgment in the related *Bama Bayou* proceedings in state court may obviate the need an accounting altogether. Defendants' proposed extension of the accounting deadline

would run through February 2018 to match the continuance granted by this Court of the jury trial setting in related proceedings styled *SE Property Holdings, LLC v. George S. Braswell et al.*, Civil Action 13-0267-WS-N.

Insofar as defendants' position is that SEPH's accounting-related requests for information are excessively burdensome and that compliance is not possible within a 21-day period, it does not appear that counsel have sought to work these issues out among themselves before presenting the matter to the undersigned. (*See* doc. 193, ¶¶ 6, 9, 10.) The Court is sensitive to concerns that information being requested in the accounting may be unduly burdensome or that production of the subject materials may not be reasonably achievable within the allotted time frame. But counsel must first attempt to resolve those issues themselves. If, based on those discussions, they reach agreement that the information requests should be circumscribed in some way and/or that defendants reasonably require additional time to comply, then they may follow up with an appropriate joint motion to extend the accounting deadline further. If, however, they are unable to reach good-faith agreement on these matters, then the Court will consider any motion for relief from the information requests and/or the accounting deadline that defendants may file. At present, there has been no showing that judicial intervention is necessary for what is essentially a difference of opinion as to the scope and timing of discovery.

As for defendants' suggestion that the accounting deadline in this case should be extended in a manner commensurate with the continuance in *Braswell*, the trouble is that the two cases are not similarly situated. Here, a multi-day trial has already been conducted and completed. The parties have already completed post-trial briefing. And the Court has already entered an extensive Order making the requisite findings of fact and conclusions of law as to liability. The only outstanding questions relate to remedy, and resolution of those issues should not consume extensive additional litigant or judicial resources above and beyond those previously expended. By contrast, *Braswell* is set for jury selection and trial, which would require a considerable commitment of litigant, judicial and juror resources to conduct. The calculus for delay pending a *Bama Bayou* ruling is thus materially different in the two actions because *Center* is much further along in the litigation process than *Braswell* is. Simply put, most of the heavy lifting has already been done here. Upon balancing the equitable considerations on both sides, in the exercise of its discretion, the Court finds that it is appropriate to move forward

with the accounting process in this case at this time, inasmuch as that is the only remaining step for entry of final judgment herein.

For all of the foregoing reasons, plaintiff's Motion for Extension of Deadline is **granted**. Plaintiff's deadline for filing its expert report and memorandum as to the accounting is **extended** through **November 20, 2017**. Defendants' corresponding deadline for filing a response is **extended** through **December 4, 2017**. No further enlargement of these deadlines will be granted except upon a showing of diligence and good cause, as well as a certification that the parties have worked together in good faith to attempt to resolve any disagreements about the scope of SEPH's information requests or the time reasonably needed for defendants to comply with same.

DONE and ORDERED this 23rd day of October, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE