# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0033-WS-C |
| | ) |
| TAMMY T. CENTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on Plaintiff's Motion for an Order to Show Cause (doc. 222). The Motion has been briefed and is now ripe.

This is a fraudulent transfer action brought by SE Property Holdings, LLC ("SEPH"), against an array of defendants, including the Estate of Charles H. Trammell, Trammell's wife and daughters, and a pair of Trammell family-owned LLCs. One of those defendants is Amy Brown, a daughter of Charles H. Trammell. Following a non-jury trial, this Court entered a Final Judgment (doc. 206) on January 2, 2018, ordering, adjudging and decreeing "that all defendants are liable to plaintiff on Counts I, II, and III for violations of the Alabama Uniform Fraudulent Transfer Act." (Doc. 206, PageID.7299.) As part and parcel of that Final Judgment, defendants were expressly "**enjoined** from further disposition of … the shares of UPS stock transferred into" the two LLC defendants, specifically Trammell Family Orange Beach Properties, LLC and Trammell Family Lake Martin Properties, LLC. (*Id.*)

On its face, the Final Judgment reflected that it was being entered "[i]n accordance with the Orders entered on August 8, 2017 (doc. 180), November 13, 2017 (doc. 197) and this date (doc. 205)." (*Id.*) The August 8, 2017 Order set forth the terms and scope of the injunction, and explicitly stated that the injunction's purpose was "to preserve the *status quo* dating back to when the fraudulent transfers occurred, in terms of available assets to satisfy any judgment that may be entered in SEPH's favor against Belinda Trammell and/or the Estate of Charles Trammell in the state-court proceedings." (Doc. 180, PageID.3893, 3899.) Furthermore, at

plaintiff's request, the November 13, 2017 Order elaborated on the meaning of the word "disposition" by clarifying that using the UPS stock as collateral for loans or debt service payments would constitute a disposition in violation of the injunction. (Doc. 197, PageID.6956-57.) Indeed, the November 13 Order reinforced the fundamental principle that the objective of the injunction was to preserve the *status quo* in terms of available assets to satisfy any state-court judgment in SEPH's favor, and opined that "[a]llowing defendants to encumber those assets further [as collateral for debt service obligations] … would run directly contrary to that stated objective." (*Id.*)

In its Motion, SEPH maintains that defendant Amy Brown (one of the transferees of the fraudulently transferred assets and a party bound by the subject injunction) has testified under oath to violating the terms of the injunction. Specifically, in a deposition conducted on January 10, 2020 in related federal litigation, Brown admitted that she has been withdrawing funds for personal use from a Loan Management Account ("LMA") at Merrill Lynch. (*See* doc. 234-1, PageID.7424-25.) The LMA is in the name of defendant Trammell Family Lake Martin Properties, LLC, as to which Brown is Manager and part owner. The LMA is a line of credit secured by fraudulently transferred shares of UPS stock that are directly covered by the injunction. By accessing funds from a line of credit secured by UPS stock shares, Brown is further encumbering those shares, which would appear on its face to be a direct violation of the injunction entered by this Court.[1]

SEPH's Motion also ascribes impropriety to defendant Brown's husband, Patrick Lance Brown, who is not a party to this action. Mr. Brown is a Senior Financial Advisor at Merrill Lynch, and is the Account Advisor for defendant Trammell Family Lake Martin Properties, LLC. According to SEPH, Mr. Brown is bound by the injunction by the terms of Rule 65(d)(2)(B)-(C), Fed.R.Civ.P., as both an officer/agent/servant of defendants and a person in active concert or participation with defendants. Of course, Rule 65(d)(2) provides that an injunction is binding only on persons in these categories "who receive actual notice of it by

---

[1] In response to further questioning during the deposition, Brown explained, "I thought our injunction was, you can't sell the stock," and for that reason, "I didn't think I did anything wrong. I didn't sell the stock." (Doc. 234-1, PageID.7427.) Brown conceded that she "didn't ask" anyone if it was okay for her to tap into the LMA in this manner, and that she had been using the borrowed funds from that line of credit to pay college tuition, presumably for her children. (*Id.*)

personal service or otherwise." *Id.* In SEPH's view, Mr. Brown must have had actual notice of the injunction in this case because (i) he is a named party in related federal litigation; (ii) as Brown's husband, he must have been aware of the injunction that resulted in a precipitous decline in available funds to the family as Brown's direct dissipation of UPS stock abruptly halted; and (iii) he supervises the LMA Account at Merrill Lynch.

In light of these facts and circumstances, SEPH's Motion seeks entry of an Order requiring the Browns to show cause why they should not be held in civil contempt, and scheduling a hearing for that purpose. As authority for the Motion, SEPH cites *Reynolds v. Roberts*, 207 F.3d 1288 (11th Cir. 2000), wherein the Eleventh Circuit outlined just such a procedure for enforcement of injunctions.[2] SEPH also requests limited discovery in advance of the hearing, namely, all documents and correspondence related to the injunction or Brown's or anyone in her family's receipt of money from Trammell Lake Martin's Merrill Lynch accounts since August 8, 2017.

The Browns, by and through recently retained counsel, have filed a Response (doc. 231) asserting that the Motion should be denied for three discrete reasons. First, the Browns posit that SEPH has failed to meet its initial burden of showing noncompliance by Amy Brown with the injunction. A necessary prerequisite to a show cause order and contempt hearing is a preliminary showing by clear and convincing evidence of noncompliance. *See Thomas v. Blue Cross and Blue Shield Ass'n*, 594 F.3d 814, 821 (11th Cir. 2010) ("On a contempt motion, the movant bears the initial burden of proving, by clear and convincing evidence, the defendant's noncompliance with a court order.") (citation omitted). SEPH has met this initial burden. The injunction was pellucidly clear that Brown was enjoined from any disposition of the fraudulently transferred UPS stock, yet she admitted borrowing money from Merrill Lynch using that stock as collateral. In the Response, Brown insists that granting a lien on the UPS stock cannot be equated to a "disposition," but merely creates a "risk of disposition." This proposed distinction is unavailing. The Court's Orders cited in the Final Judgment expressly stated that (i) the purpose of the

---

[2] Per *Reynolds*, when a plaintiff believes a defendant has violated an injunction, the plaintiff should file a motion for order to show cause. "If satisfied that the plaintiff's motion states a case of non-compliance, the court orders the defendant to show cause why he should not be held in contempt and schedules a hearing for that purpose." *Reynolds*, 207 F.3d at 1298. That course of action is precisely what SEPH is proposing here.

injunction was to preserve the *status quo* with respect to the fraudulently transferred assets, and (ii) allowing defendants to encumber those assets for debt service payments would run directly contrary to that objective. On this record, the Court readily concludes that SEPH has shown by clear and convincing evidence that the underlying injunction was lawful; that it was clear, definite and unambiguous; that Brown had the ability to comply; and that she failed to do so, and indeed failed even to ask anyone if her LMA withdrawals were permissible under the terms of the injunction. This showing suffices both to shift the burden to Brown to produce evidence explaining her noncompliance and to trigger the need for a corresponding hearing.[3]

Second, the Browns assert that the Motion should be denied as to Patrick Lance Brown because SEPH has not proven that he had actual notice of the injunction. As noted above, Rule 65(d)(2) renders an injunction binding on a non-party in Mr. Brown's position only if he received actual notice of it. This criticism is not particularly fair because, as the Browns are well aware, SEPH was unable to take Mr. Brown's deposition at the scheduled time to explore this issue when the Browns' then-counsel discovered a conflict during Amy Brown's deposition, suspended the depositions and withdrew from the representation. More importantly, SEPH has come forward with extensive circumstantial evidence – none of which the Browns have rebutted – raising a strong inference that Mr. Brown had such actual notice of the injunction. Furthermore, neither Mr. Brown nor his counsel has made representations to the Court, via affidavit or otherwise, denying that he had actual notice of the injunction at the relevant times. Under the circumstances, the Court finds that the appropriate course of action is to set the matter for a show cause hearing, at which time Mr. Brown may testify and the parties may otherwise present evidence and argument as to the question of actual notice and any other factual or legal issues pertinent to the question of civil contempt. Following the hearing, the Court will make the necessary factual findings and legal conclusions. For now, it suffices to observe that there are no valid grounds before the Court at this time for ruling as a matter of law that the injunction is not binding on Mr. Brown.

---

[3] A civil contempt movant must present "clear and convincing evidence that the allegedly violated order was valid and lawful; the order was clear and unambiguous; and the alleged violator had the ability to comply with the order. … Once this prima facie showing of a violation is made, the burden then shifts to the alleged contemnor to produce evidence explaining his noncompliance at a 'show cause' hearing." *F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010) (internal citations and marks omitted).

Third, the Browns oppose SEPH's request for pre-hearing discovery relating to the injunction or Merrill Lynch account transactions post-dating the injunction. The Browns characterize SEPH's request as an attempt to make an end run around this Court's prior order refusing to allow additional discovery broadening the scope of this litigation. This characterization is inaccurate. Plaintiff has now made specific allegations that the Browns are in violation of the Court's injunction against disposition of fraudulently transferred assets, and seeks to have them adjudged in contempt. The discovery request seeks only documents that are directly relevant to these contempt proceedings. Because those materials may be helpful to the Court in determining the nature and extent of any violations of the injunction, that aspect of the Motion will likewise be granted.

For all of the foregoing reasons, Plaintiff's Motion for an Order to Show Cause (doc. 222) is **granted**. It is **ordered** as follows:

1. This matter is set for a Show Cause Hearing on **May 27, 2020 at 10:00 a.m.** in **Courtroom 4A**;
2. At such hearing, the Browns are **ordered** to **show cause** why they should not be adjudged in civil contempt and sanctioned for violating the injunction entered in this case via Orders dated August 8, 2017, November 13, 2017, and January 2, 2018, and memorialized in the Final Judgment dated January 2, 2018; and
3. No later than one week prior to the hearing, the Browns must produce to SEPH copies of all documents and correspondence in their custody and control relating to the injunction or Amy Brown's or anyone in her immediate family's receipt of funds from Trammell Lake Martin's Merrill Lynch accounts since August 8, 2017.

DONE and ORDERED this 13th day of April, 2020.

                                              s/ WILLIAM H. STEELE
                                              UNITED STATES DISTRICT JUDGE