IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, LLC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TAMMY T. CENTER, *et al.*, )<br>)<br>    Defendants. ) | CIVIL ACTION 15-0033-WS-C |

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Post-Judgment Relief (doc. 210). Defendants have been afforded multiple opportunities to be heard, spanning a protracted period of time.[1] The Motion is now ripe.

**I. Background.**

This is a fraudulent transfer action brought by SE Property Holdings, LLC ("SEPH"), against numerous defendants, who are individuals and entities connected to the Trammell family.

---

[1] Plaintiff filed the instant Motion back on November 26, 2019. The Court promptly entered a briefing schedule (doc. 211). Defendants' counsel requested and were granted leave to withdraw on December 9, 2019 on the grounds that no agreement for continued representation was in place, and the briefing deadlines were stayed to allow defendants time to retain substitute counsel (doc. 216). When new counsel timely filed a Notice of Appearance (doc. 217), an amended briefing schedule was entered (doc. 218). In January 2020, replacement counsel requested and received leave to withdraw based on an emerging conflict, and the briefing deadlines were again stayed (doc. 223). On January 23, 2020, the undersigned entered an Order directing defendants "to apprise the Court in writing of the name and address of their new counsel by no later than **February 7, 2020**." (Doc. 223, at PageID.7381.) Defendant Amy Brown complied; however, none of the other defendants (Tammy T. Center, Estate of Charles H. Trammell, Belinda R. Trammell, Trammell Family Orange Beach Properties, LLC, and Trammell Family Lake Martin Properties, LLC) responded to, complied with, or otherwise acknowledged the January 23 Order. On February 11, 2020, the Court entered an Order fixing new briefing deadlines on the Motion for Post-Judgment Relief, but cautioning the noncompliant defendants that "[i]t will not delay resolution of that Motion any further for defendants who filed nothing in response to the January 23 Order despite actual notice." (Doc. 225, PageID.7386.) Defendant Brown timely responded to the Motion; however, no other defendant did so. As such, defendants Center, the Estate, Trammell, and the two LLCs have waived the right to object to, or otherwise be heard on, the Motion for Post-Judgment Relief.

The genesis of this litigation lies in some $21 million in loans issued by SEPH's predecessor between 2005 and 2007 for development of commercial real estate projects known as Bama Bayou and Marine Park (collectively, "Bama Bayou"). An investor in the Bama Bayou project named Charles Trammell executed guaranties on those loans in favor of SEPH's predecessor in an amount totaling $1,115,000. Trammell's spouse, Belinda R. Trammell, executed guaranties on those loans totaling $840,000. The guaranties provided that the Trammells were responsible not only for the specified portion of principal on the loans, but also for 100% of all accrued interest on the loans and 100% of the costs and expenses (including reasonable attorney's fees) of collection. When the borrowers and guarantors failed to make payment on the Bama Bayou loans as required in 2008, SEPH's predecessor initiated state-court collection proceedings (the "*Bama Bayou* Litigation") in January 2009 against Charles and Belinda Trammell, along with the borrowers and other guarantors. The *Bama Bayou* Litigation did not reach final judgment until November 2019, more than a decade later.

Separately, SEPH filed this fraudulent joinder action in federal court in 2015, alleging that Charles and Belinda Trammell had actually and constructively fraudulently transferred millions of dollars in real estate and UPS stock to certain family members and family-held LLCs to prevent SEPH from being able to collect on their Bama Bayou guaranties. Following a bench trial in this fraudulent joinder action, this Court entered a Final Judgment (doc. 206) on January 2, 2018, ordering, adjudging and decreeing "that all defendants are liable to plaintiff on Counts I, II, and III for violations of the Alabama Uniform Fraudulent Transfer Act." (Doc. 206, PageID.7299.) In an underlying Order (doc. 180) entered on August 8, 2017, the Court set forth its post-trial findings of fact and conclusions of law, as required by Rule 52(a)(1), Fed.R.Civ.P. On the question of remedy, the August 8 Order directed that defendants were enjoined from further disposition of the fraudulently transferred assets (*i.e.*, a beach condo, a lake house, Center's and Brown's 45% membership interests in the family-owned LLCs, shares of UPS stock transferred into the LLCs in April 2012, and shares of UPS stock transferred to Belinda Trammell in October 2013). (Doc. 180, PageID.3893.) The August 8 Order also included discussion of SEPH's requests for the transfers to be set aside and for seven-figure money judgments against each transferee. Although it denied those remedies, the Court specifically left the door open for SEPH to return seeking post-judgment relief if appropriate at the conclusion of the *Bama Bayou* Litigation, to-wit:

> "[A]voidance of the transfers under § 8-9A-7(a)(1) is not warranted at this time because there has been no judgment in the *Bama Bayou* Action, such that it is neither known nor knowable whether avoidance of these transfers is 'necessary to satisfy the creditor's claim.' For the same reason, the Court will not enter money judgment against the transferees on the AUFTA claims at this time; provided, however, that SEPH may petition this Court for post-judgment relief at the conclusion of the *Bama Bayou* Action if it can show that avoidance of the subject transfers is necessary to satisfy its claims, thereby warranting either a money judgment against the transferee or a judgment against the transferee for conveyance of the asset itself."

(Doc. 180, PageID.3895 (footnote omitted).)

Significantly, the August 8 Order did not mince words about defendants' misconduct. The Court left no ambiguity that it intended to order additional remedies as needed to protect SEPH's interests, writing as follows: "[T]he Court remains concerned that the remedy of an injunction may be insufficient to protect SEPH's interests fully. … [T]he undersigned has made specific findings of very serious, fraudulent conduct by defendants attempting to place assets beyond SEPH's reach. In the Court's view, the final remedies ordered in this case must take into account the seriousness of defendants' misconduct, must safeguard the bank's interests in full should it prevail in *Bama Bayou*, and must ensure that defendants do not profit from their fraudulent conduct …." (Doc. 180, PageID.3897-98.)

In an Order and Final Judgment dated November 20, 2019, the Mobile County Circuit Court granted SEPH's motion for summary judgment and entered multimillion-dollar judgments in favor of SEPH and against each of Belinda Trammell and the Estate of Charles Trammell in the *Bama Bayou* Litigation. Specifically, judgment was entered in *Bama Bayou* in favor of SEPH and against Tammy Center, as Personal Representative of the Estate of Charles Trammell, in the total amount of $6,169,347.80, for principal and accumulated interest on the guaranties executed by Charles Trammell. (Doc. 210-1, PageID.7325.) Judgment was also entered in *Bama Bayou* in favor of SEPH and against Belinda Trammell, in the total amount of $3,987,903.11, for principal and accumulated interest on the guaranties she executed. (*Id.*, PageID.7327.) The Order and Final Judgment also provided for accrual of post-judgment interest on the various notes and guaranties at rates of between 6.5% and 8.0% per annum. (*Id.*, PageID.7328.)

Closely on the heels of the state court's entry of judgment against Trammell and the Estate in the *Bama Bayou* Litigation, SEPH filed its Motion for Post-Judgment Relief in this action. Specifically, SEPH requests the following forms of relief: (i) an order directing the two

LLC defendants to convey to SEPH the beach condo, the lake house, and all remaining UPS stock; (ii) alternatively, an order setting aside the transfer of the lake house to Trammell Lake Martin, the transfer of the beach condo to Trammell Orange Beach, and the transfer of UPS stock to both LLCs; (iii) a money judgment against the transferees based on the value of the assets transferred to each transferee at the time of the transfer; and (iv) an extension of the injunction entered previously. All defendants were provided a full and fair opportunity to be heard. The only defendant to submit any response to SEPH's Motion was defendant Amy Brown, who offered no substantive opposition or objection. Instead, Brown simply stated that she did not oppose an extension of the injunction, but that she requested a 30-day period for the parties to attempt reach a global settlement of all issues relating to the *Bama Bayou* Litigation and the multiple spin-off cases it generated. Upon careful consideration, Brown's request to delay adjudication of the Motion for Post-Judgment Relief is **denied**.[2]

## II.     Analysis.

As a threshold matter, there can be no serious question that post-judgment relief is warranted in this case pursuant to Rule 60(b)(6), Fed.R.Civ.P. Defendants have not contended otherwise, despite having been given a reasonable opportunity to be heard. More importantly, the August 8 Order containing this Court's findings of fact and conclusions of law following non-jury trial explained that the remedies awarded to SEPH were constrained by the lack of a judgment in the underlying *Bama Bayou* Litigation, expressed concern that the remedies provided therein may be inadequate to protect SEPH's interests, and invited SEPH to petition the Court for post-judgment relief at the conclusion of the *Bama Bayou* Litigation if it successfully obtained judgment against the transferors in that action. SEPH prevailed against the Estate and

---

[2]     The Court will not allow additional time for a negotiated resolution of this dispute for at least three reasons. First, the Motion for Post-Judgment Relief has been pending for nearly five months and its adjudication has been repeatedly delayed because of representation issues on defendants' side. Thus, the parties have already had a prolonged period of time to try to reach common ground on the matters joined in the Motion. Second, the Court at various times has granted stays and/or extensions in this and other *Bama Bayou*-related cases on the premise that the parties were working toward global settlement. Those efforts have never borne fruit and have only served to delay final adjudication of the issues joined in these cases. The Court has no information, and no reason to believe, that the results have any reasonable likelihood of being any different this time around. Third, as a practical matter, more than 30 days have passed since Brown made her request for time to attempt to resolve the case, so she has effectively received the benefit of the very reprieve she sought.

Belinda Trammell in *Bama Bayou*, to the tune of seven-figure judgments against each, and promptly moved for post-judgment relief in this action. The Court finds in the exercise of its discretion that, given the extraordinary circumstances presented here, the requested remedies are an appropriate, valid use of the Rule 60(b)(6) mechanism to do justice in this case. *See, e.g., Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (indicating that Rule 60(b)(6) "is a broadly drafted umbrella provision which has been described as a grand reservoir of equitable power to do justice in a particular case," but is an extraordinary remedy requiring a showing of exceptional circumstances) (citation and internal quotation marks omitted). The critical question then becomes what form those additional post-judgment remedies should take in this matter.

The Alabama Uniform Fraudulent Transfer Act ("AUFTA") sets forth a variety of available statutory remedies for a creditor in SEPH's position. Those possible remedies include, among others, the following: (i) "Avoidance of the transfer to the extent necessary to satisfy the creditor's claim," Ala. Code § 8-9A-7(a)(1); (ii) "[J]udgment for the value of the asset transferred …or the amount necessary to satisfy the creditor's claim, whichever is less," Ala. Code § 8-9A-8(b); and (iii) "[J]udgment for conveyance of the asset transferred," Ala. Code § 8-9A-8(b). In its Motion for Post-Judgment Relief, SEPH seeks all of these overlapping and (in some cases) alternative forms of relief, without advancing specific arguments for why any particular remedy would be preferable to or more appropriate than any other in this case. Under the circumstances, the Court finds that the most suitable and efficient post-judgment remedy in this case is the two-step procedure of "avoiding" the subject transfers pursuant to § 8-9A-7(a)(1) and entering monetary judgment in SEPH's favor against each transferee pursuant to § 8-9A-8(b).

Pursuant to the AUFTA, such monetary judgment may be entered against "[t]he first transferee of the asset or the person for whose benefit the transfer was made," Ala. Code § 8-9A-8(b)(1), which would include all transferee defendants, namely Trammell Family Lake Martin Properties, LLC, Trammell Family Orange Beach Properties, LLC, Amy Brown, Tammy Center and Belinda Trammell. Each of these defendants was a first transferee (or direct intended beneficiary of the transfer) of assets that this Court previously found to have been fraudulently transferred by Charles and/or Belinda Trammell. Moreover, SEPH has made a specific showing that the value of those assets (which total a maximum of $1.8 million for any particular transferee), in tandem with the other known, collectible assets of the transferors, is considerably

less than the amount necessary to satisfy SEPH's claims against the transferors (again, the *Bama Bayou* judgment in SEPH's favor is in the amount of $6.1 million against the Estate of Charles Trammell and $3.9 million against Belinda Trammell).[3]

By the clear terms of the AUFTA, a judgment "based upon the value of the asset transferred … must be for an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require." Ala. Code § 8-9A-8(c). Fortunately, the valuation of the fraudulently transferred assets at the time of transfer is established as a matter of record in the Court's findings of fact in the August 8 Order. (*See* doc. 180, at PageID.3848-52.) Defendants have not challenged those findings of fact or quarreled with the valuations therein. Nor have they come forward with any equities that might warrant adjustment of those valuations as permitted by § 8-9A-8(c). The Court finds no such equities are present here. As such, the valuation for each transferred asset as determined in the August 8 Order will be utilized here for purposes of calculating the AUFTA money judgments to be entered against each transferee defendant.

In light of the foregoing, the Court concludes that judgment is properly entered against each of the transferee defendants in the amounts set forth below:

1. Trammell Family Lake Martin Properties, LLC, in the amount of **$1,813,057.08**, consisting of the value of the Lake Martin house ($830,000 at the time of the fraudulent transfer, per doc. 180, PageID.3848 n.19), plus the value of 12,551 shares of UPS stock at a then-effective share price of $78.325 (per doc. 180, PageID.3850), or $983,057.08;

2. Trammell Family Orange Beach Properties, LLC, in the amount of **$1,628,057.08**, consisting of the value of the Orange Beach condo ($645,000 at the time of the fraudulent transfer, per doc. 180, PageID.3848 n.19), plus the value of 12,551

---

[3] In particular, SEPH has presented evidence showing that the value of the assets of the Estate of Charles Trammell is approximately $29,700, and that the value of the collectible assets of Belinda Trammell is approximately $230,000. (*See* doc. 210, PageID.7311.) By contrast, the *Bama Bayou* judgment against the Estate is $6,169,347.80, and the *Bama Bayou* judgment against Belinda Trammell is $3,987,903.11. Even if SEPH exhausted all other collectible assets of the transferors, the amount remaining on the *Bama Bayou* judgments would be considerably higher than the value of the assets that were fraudulently transferred to any of the transferee defendants in this action.

        shares of UPS stock at a then-effective share price of $78.325 (per doc. 180, PageID.3850), or $983,057.08;

3. Tammy Center, in the amount of **$1,548,509.20**, consisting of a 45% interest in the value of the Lake Martin house (0.45 x $830,000, or $373,500, per doc. 180, PageID.3848-49), a 45% interest in the value of the Orange Beach condo (0.45 x $645,000, or $290,250, per doc. 180, PageID.3848-49), plus the value of 11,296 shares of UPS stock at a then-effective price of $78.325 (per doc. 180, PageID.3850-51), or $884,759.20;

4. Amy Brown, in the amount of **$1,548,509.20**, consisting of a 45% interest in the value of the Lake Martin house (0.45 x $830,000, or $373,500, per doc. 180, PageID.3848-49), a 45% interest in the value of the Orange Beach condo (0.45 x $645,000, or $290,250, per doc. 180, PageID.3848-49), plus the value of 11,296 shares of UPS stock at a then-effective price of $78.325 (per doc. 180, PageID.3850-51), or $884,759.20; and

5. Belinda Trammell, in the amount of **$932,260.30**, consisting of the value of 1,255 shares of UPS stock at a then-effective price of $78.325 (per doc. 180, PageID.3850-51), or $98,297.88, plus the value of 8,798 shares of UPS at a then-effective price of $94.79 (per doc. 180, PageID.3851-52 & n.25), or $833,962.42.

        Judgment will be entered against each of the transferee defendants in the above-referenced amounts. Additionally, the injunction set forth in the Final Judgment (doc. 206) will be extended to allow SEPH to pursue the referenced assets in its collection efforts.

### III. Conclusion.

        For all of the foregoing reasons, Plaintiff's Motion for Post-Judgment Relief (doc. 210) is **granted** pursuant to Rule 60(b)(6), Fed.R.Civ.P. An Amended Final Judgment will be entered that (i) avoids the subject fraudulent transfers pursuant to Alabama Code § 8-9A-7(a)(1); (ii) enters money judgments against each of the transferee defendants in the specified amounts pursuant to Alabama Code § 8-9A-8(b); and (iii) extends the previously entered injunction proscribing further disposition of the fraudulently transferred assets.

        DONE and ORDERED this 23rd day of April, 2020.

        s/ WILLIAM H. STEELE
        UNITED STATES DISTRICT JUDGE